United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHANGHAI WIN-WING IMPORT AND EXPORT )   Case No. 08-2031 SC
CO., LTD.,   )
  )
  )   ORDER DENYING
        Plaintiff,   )   PLAINTIFF'S
  )   APPLICATION FOR
   v.   )   <u>DEFAULT JUDGMENT</u>
  )
TETSUYA WATANABE, OAKHILLS HARDWOOD )
FLOORS, INC., K&T ASSOCIATES, INC.,)
  )
  )
       Defendants.   )
  )
_____ )

**I.**   **INTRODUCTION**

     The present matter comes before the Court on the Application
for Default Judgment ("Application") filed by the plaintiff
Shanghai Win-Wing Import and Export Co., LTD. ("Plaintiff").
Docket No. 14.  Pursuant to Federal Rule of Civil Procedure 55(a),
the Clerk of the Court entered default against the defendants
Tetsuya Watanabe ("Mr. Watanabe"), Oakhills Hardwood Floors, Inc.
("Oakhills"), and K&T Associates ("K&T") (collectively
"Defendants").  Docket No. 12.  For the following reasons, the
Court DENIES without prejudice Plaintiff's Application.

///

**II.   <u>BACKGROUND</u>**

This action arises out of money allegedly owed to Plaintiff for goods purchased, but not paid for, by Defendants.  Compl., Docket No. 1, at 1.  Plaintiff is a manufacturer and exporter of wood flooring and is located in the People's Republic of China. <u>Id.</u> ¶ 1.  K&T was a corporation registered in the State of Washington with its principal place of business at 8911 NE 151st Place, Bothell, WA 98011.  <u>Id.</u> ¶ 2.  K&T imported wood flooring from Plaintiff and was owned and operated by Mr. Watanabe.  <u>Id.</u> Oakhills was also owned by Mr. Watanabe and is a corporation registered in California.  <u>Id.</u> ¶ 3.  The principal place of business for Oakhills was 6650 Goodyear Road, Benicia, CA 94510. <u>Id.</u>  Mr. Watanabe is a resident of California with a last-known address of 6650 Goodyear Road, Benicia, CA 94510.  <u>Id.</u> ¶ 4.  This Court has jurisdiction as diversity exists between the parties and the amount in controversy exceeds $75,000.  <u>Id.</u> ¶ 6.

Between June 9 and June 27, 2006, K&T issued several orders to purchase wood flooring products from Plaintiff.  <u>Id.</u> ¶ 9.  From August 27 through September 17, 2006, Plaintiff shipped the wood flooring products from China to California, where they were received by K&T.  <u>Id.</u> ¶ 10.  Payments for these shipments were due within sixty days, and, as of November 17, 2006, K&T still had an outstanding balance of $394,995.20 for the orders.  <u>Id.</u> ¶ 12.

In February 2007, Mr. Watanabe executed a settlement agreement on behalf of K&T and a guaranty on behalf of Oakhills whereby K&T agreed to pay $352,717.15 to Plaintiff.  <u>Id.</u> ¶ 13. Under this agreement, Oakhills guaranteed the payment plan in the

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

event K&T was unable to make payments.  Id.; Compl. Ex. 1.
Although Mr. Watanabe signed the agreement, Plaintiff alleges that
Mr. Watanabe was aware that neither K&T nor Oakhills would be able
to satisfy the agreed-upon payments.  Id. ¶ 17.  Only one payment
of $10,000 was made by Mr. Watanabe towards the agreement, thereby
leaving an outstanding balance of $342,717.15.  Id. ¶ 19.

Plaintiff subsequently filed the present action, alleging six
causes of action: (1) breach of contract against K&T; (2) action
on account against K&T; (3) unjust enrichment against K&T; (4)
breach of settlement agreement against K&T; (5) breach of guaranty
against Oakhills; and (6) fraudulent and intentional
misrepresentation against Mr. Watanabe.  On the first three causes
of action, Plaintiff sought damages of $384,995.20, which was the
residual amount owed on the orders before the settlement agreement
was executed.  Under the fourth and fifth causes of action,
Plaintiff sought only $342,717.15, which is the amount due after
the settlement agreement.  On the sixth cause of action, Plaintiff
initially sought "punitive damages likely in excess of
$685,434.30."  Compl. ¶ 57.  Prior to filing the present Motion,
however, Plaintiff dismissed its claim for punitive damages.
Docket No. 13.  Furthermore, in its Application, Plaintiff
clarifies its request for damages, stating: "In this case, Win-
Wing is requesting default judgment in the sum certain amount of
$342,717.15."  Application at 5.
///
///
///

3

III. **DISCUSSION**

A.   **Legal Standard**

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b). "However, entry of default does not automatically entitle the non-defaulting party to entry of a default judgment regardless of the fact that the effect of entry of a default is to deem allegations admitted." <u>In re Villegas</u>, 132 B.R. 742, 746 (9th Cir. BAP 1991). Rather, "the decision to enter a default judgment is discretionary." <u>Alan Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). First, the Court must "assess the adequacy of service of process on the party against whom default is requested." <u>Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters</u>, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). Once the Court determines that service was sufficient, it may consider the following factors when exercising its discretion to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>Geddes v. United Fin. Group</u>, 559 F.2d

4

1    557, 560 (9th Cir. 1977).

2    **B.    Analysis**

3        Federal Rule of Civil Procedure 4 provides the standards for

4    service upon individuals, corporations, associations, or

5    partnerships.  Due to various inconsistencies, contradictions, and

6    questions relating to the service of process, the Court is

7    prevented from entering default judgment and the Eitel factors

8    need not be reached.

9        To begin, in the Complaint, Plaintiff asserts that the K&T is

10   "an inactive corporation that was registered in the State of

11   Washington, with its principle [sic] place of business at 8911 NE

12   151st Pl., Bothell, WA 98011."  Compl. ¶ 2.  In its Application,

13   however, Plaintiff states that "K&T Associates Inc. . . . was a

14   corporation registered in the State of California, with its

15   principle [sic] place of business at 8625 Central Ave., #A,

16   Stanton, CA 90680."  Mot. at 2.[1]

17       Although worth noting, this discrepancy alone is not

18   especially troubling.  More significant are the differences in

19   addresses relating to the service of process.  Plaintiff executed

20   three summons: one to Tetsuya Watanabe, 1655 Galindo Street,

21   Apartment 1155, Concord, CA 94520; one to Oakhills Hardwood

22   Floors, Inc., c/o Agent for Service of Process Tetsuya Watanabe,

23   6650 Goodyear Road, Benicia, CA 94510; and one to K&T Associates,

24   Inc., c/o its Officer and Managing or General Agent Tetsuya

25   Watanabe, 1655 Galindo Street, Apartment 1155, Concord, CA 94520.

26   _____

27       [1] The Court notes that the summons for K&T was sent to neither
     of the above addresses.

28                                       5

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

See Docket Nos. 4, 5, 6.  Only one summons was returned executed.

According to the proof of service, the party served on the

executed summons was Tetsuya Watanabe.  Proof of Service, Docket

No. 7.  This summons, however, was served on a person named "Donny

Smith - Person in Charge of Office," at the address of 1647 Willow

Pass Road, Concord, CA 94520.  Id.  Nowhere in the Complaint or

the Application does this address appear.  Rather, according to

the Complaint, the address for Tetsuya Watanabe is 6650 Goodyear

Rd., Benicia, CA 94510.  Compl. ¶ 4.

In an attempt to cure this discrepancy, in the Application,

counsel for Plaintiff included a declaration stating: "Upon

information and belief, and as confirmed by skip tracing, 1647

Willow Pass Road, Concord, CA 94520, is the current residential

address of Tetsuya Watanabe."  Corey Decl., Docket No. 10, ¶ 4.

Aside from the fact that this was not the address provided in the

Complaint nor the address listed on the summons for Tetsuya

Watanabe, counsel for Plaintiff states that this address is a

"residential address," yet the service of process states that the

summons was left with "Donny Smith - Person in Charge of Office."

See Proof of Service.

The cumulative effect of these discrepancies leads the Court

to conclude that "the adequacy of service of process on the party

against whom default is requested" is not sufficient.  Bd. of Trs.

of the N. Cal. Sheet Metal Workers, 2000 U.S. Dist. LEXIS 19065,

at *2.

///

///

**IV.   <u>CONCLUSION</u>**

For the reasons stated above, Plaintiff's Application is DENIED without prejudice.  Plaintiff has 90 days from the date of this Order to cure the above-discussed defects and refile the Application.

IT IS SO ORDERED.

Dated: November 12, 2008

_____
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7